IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**ILA MOSES and VIRGIE SURETT,**                      **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                      No. 3:22-cv-3071-TLB

**BOST, INC.**                      **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Ila Moses and Virgie Surett (collectively "Plaintiff" or "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendant Bost, Inc. ("Defendant"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. (the "AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant is headquartered in and does business within Sebastian County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Ila Moses ("Moses") is an individual and resident of Boone County.

7. Virgie Surett ("Surett") is an individual and resident of Boone County.

8. Defendant is a domestic, nonprofit corporation.

9. Defendant's registered agent for service is Katie M. Raines at 5812 Remington Circle, Fort Smith, Arkansas 72903.

10. Defendant maintains a website at https://www.bost.org/.

## IV. FACTUAL ALLEGATIONS

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

15. Defendant employed Plaintiffs within the three years preceding the filing of this lawsuit.

16. Specifically, Defendant has employed Moses as an hourly-paid employee since August of 2018 until the present.

17. Defendant has employed Surett as an hourly-paid employee since December of 2017 until the present.

18. Plaintiffs were employed as Residential Habilitation Aides and Personal Care Assistants (hereinafter "Support Staff"), and they were primarily responsible for taking care of Defendant's clients with general everyday tasks, such as bathing, eating meals, running errands, and transporting clients to appointments and events.

19. Defendant also employed other hourly-paid employees as Support Staff within the three years preceding the filing of this lawsuit.

20. Other Support Staff had the same or substantially similar job duties as Plaintiffs.

21. At all relevant times herein, Defendant directly hired hourly-paid Support Staff to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Plaintiffs and other Support Staff recorded their hours worked via Defendant's electronic timekeeping system.

23. Specifically, Plaintiffs were required to start and stop their tracked working hours through an app that was available to them through their personal cell phones.

24. Plaintiffs and other Support Staff were regularly required to spend the night at Defendant's client's homes.

25. Although Plaintiffs were required to remain with the client during their entire shift, Defendant refused to pay Plaintiffs and other Support Staff for hours worked between midnight and 8:00 am on Sundays.

26. Other Support Staff were also not paid for hours worked between midnight and 8:00 am on Sundays.

27. Plaintiffs and other Support Staff were required to perform "safety checks" on Defendant's clients at least twice per night.

28. Plaintiffs were required to attend to Defendant's clients throughout the night, and were rarely able to sleep through the night, waking multiple times.

29. Upon information and belief, other Support Staff also had to wake up multiple times per night to assist Defendant's clients.

30. Plaintiffs did not get 5 hours of uninterrupted sleep per night while working their shifts.

31. Upon information and belief, other Support Staff also did not get 5 hours of uninterrupted sleep per night while working their shifts.

32. Pursuant to 29 C.F.R. § 553.222, "[I]f [an employee's] sleep period is interrupted to such an extent that the employee cannot get a reasonable night's sleep

(which, for enforcement purposes means at least 5 hours), the entire time must be counted as hours of work."

33. Therefore, Defendant should have paid Plaintiffs and other Support Staff for their entire shifts, including nights.

34. Defendant told Plaintiffs and other Support Staff that they were required to remain with clients during their entire shift, even if Defendant was not paying them.

35. Plaintiffs regularly worked hours over 40 each week within the three years preceding the filing of this lawsuit.

36. Upon information and belief, other Support Staff regularly worked hours over 40 each week within the three years preceding the filing of this lawsuit.

37. In some weeks, Plaintiffs and other Support Staff worked so many hours which went uncompensated that their constructive hourly rate fell below the applicable minimum wage.

38. Because Plaintiffs and other Support Staff worked hours which went uncompensated, Defendant failed to pay Plaintiffs and other Support Staff a lawful minimum wage for all hours worked and a lawful overtime premium for all hours worked over 40 each week.

39. Defendant knew or should have known that Plaintiffs and other support Staff were working hours off the clock for which they were not compensated.

40. Plaintiffs and other Support Staff were required to drive their personal vehicles in the course of their employment.

41. Defendant reimbursed Plaintiffs and other Support Staff for mileage at a rate of approximately $0.43 per mile for miles driven in Arkansas. If Plaintiffs or other Support

Staff drove miles outside of Arkansas in the course of their duties, they were not reimbursed for those miles.

42. The IRS rates for mileage for the relevant time period are as follows:

<pre>
                              2019:  58 cents/mile
                              2020:  57.5 cents/mile
                              2021:  56 cents/mile
       January 1, 2022 to June 30, 2022:  58.5 cents/mile
    July 1, 2022 to December 31, 2022:  62.5 cents/mile
</pre>

43. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

44. Because Defendant failed to reimburse Plaintiffs and other Support Staff at a sufficient rate and did not reimburse them at all for miles driven outside of Arkansas, Plaintiffs and other Support Staff consistently "kicked-back" the cost of mileage to Defendant, which led to additional minimum wage and overtime violations.

45. At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated Support Staff of proper minimum wage for all hours worked and proper overtime compensation for all of the hours worked over 40 per week.

46. Defendant did not make reasonable efforts to ascertain and comply with applicable law.

47. The net effect of Defendant's practices and policies regarding Plaintiffs' job duties and pay, as described above, is that Defendant intentionally avoided paying Plaintiffs for hours worked between midnight and 8am on Sundays and avoided paying Plaintiffs a sufficient mileage reimbursement rate, resulting in unpaid minimum and overtime wages.

48. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

49. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), each on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Minimum wages for all hours worked;

    B. Regular wages and overtime premiums for all hours worked over 40 hours in any week;

    C. Liquidated damages; and

    D. Attorney's fees and costs.

50. Plaintiffs propose the following collective under the FLSA:

**All hourly-paid Residential Habilitation Aides or Personal Care Assistants employed within the past three years.**

51. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

52. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

53. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They had substantially similar job duties and responsibilities;

    C.    They were subject to Defendant's common policy of deducting sleep time from their total hours without regard to time spent performing work during the night; and

    D.    They were not properly reimbursed for mileage.

54.    Plaintiffs are unable to state the exact number of the collective but believe that it exceeds 100 persons.

55.    Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

56.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

57.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

58.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

62. Defendant failed to pay Plaintiffs for all hours worked, including 1.5 times their regular rate for all hours worked in excess of 40 hours per week.

63. Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked.

64. Defendant knew or should have known that its actions violated the FLSA.

65. Defendant's conduct and practices, as described above, were willful.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary and liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

67. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
(Collective Action Claims for Violation of the FLSA)

69. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

72. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

73. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked, including 1.5 times their regular rate for all hours worked in excess of 40 hours per week.

74. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

75. Defendant deprived Plaintiffs and similarly situated employees of a lawful minimum wage for all hours worked.

76. Defendant knew or should have known that its actions violated the FLSA.

77. Defendant's conduct and practices, as described above, were willful.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

79. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

80. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

81. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

82. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

83. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5 times their regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

84. Defendant classified Plaintiffs as nonexempt from the requirements of AMWA.

85. Defendant failed to pay Plaintiffs for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiffs worked in excess of 40 per week.

86. Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked.

87. Defendant knew or should have known that its practices violated the AMWA.

88. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

89. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Ila Moses and Virgie Surett, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ILA MOSES and VIRGIE SURETT,
Individually and on Behalf of Others
Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

_____
Laura Edmondson
Ark. Bar No. 2021312
lydia@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com