IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**ILA MOSES and VIRGIE SURETT,**                                        **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                            No. 3:22-cv-3071-TLB

**BOST, INC.**                                                              **DEFENDANT**

### AMENDED JOINT RULE 26(f) REPORT

1.   **Plaintiff's Statement of the Case.**

Defendant employed Plaintiffs and other similarly situated employees as hourly paid Residential Habilitation Aides") within the three years preceding the filing of the Original Complaint. Their primary duties were to take care of Defendant's clients by helping with general everyday tasks, such as bathing, eating, running errands, and transporting clients. Plaintiffs and other Support Staff were regularly required to spend the night at Defendant's clients' homes but were not paid for certain hours which Defendant considered to be "sleep time." However, Plaintiffs and other Support Staff were required to perform "safety checks" on Defendant's clients at night and were required to attend to Defendant's clients throughout the night. Plaintiffs and other Support Staff were rarely able to sleep through the night, often waking multiple times.

Despite attestations in official policies to the contrary, Plaintiffs and other Support Staff did not get 5 hours of uninterrupted sleep per night while working their shifts, in violation of C.F.R.§ 553.22. Therefore, Plaintiffs and other Support Staff were entitled to be paid for their

entire shifts, including "sleep time." Because Defendant deprived Plaintiffs and other Support Staff of payment for their entire shift, they were not paid a lawful overtime premium for all hours worked over forty per week and their constructive hourly rate fell below the applicable minimum wage. Furthermore, Defendant only reimbursed Plaintiffs and other Support Staff at a rate of $0.43 per mile and only for miles driven in Arkansas. Therefore, Plaintiffs and other Support Staff consistently "kicked-back" the cost of mileage to Defendant, which led to additional minimum wage and overtime violations. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

2. **Defendant's Statement of the Case**. Defendant employed Plaintiffs as Residential Habilitation Aides ("RHAs"). RHAs are responsible for providing residential habilitation care to clients with Intellectual Disabilities. The care provided to clients is based individualized Person Center Service Plan ("PCSP"). PCSPs often require RHAs to stay with clients for more than 24 consecutive hours. If an RHA stays more than 24 consecutive hours with a client, the RHA is expected to clock out for a "sleep period." The sleep period may range from 5-8 hours, depending on the client. If, during the sleep period, the RHA does not receive 5 hours of uninterrupted sleep time because the RHA is attending to the client, Defendant's policy is for the RHA to document the service time and Defendant pays the RHA for the entire sleep period. Defendant does not have a policy that requires RHAs to perform safety checks on all clients, instead safety checks are client-specific based on the PCSP. Defendant's time and payroll records will demonstrate Plaintiffs were compensated if they did not receive 5 hours of uninterrupted sleep time while staying with a client for more than 24 consecutive hours. Although RHAs were required to utilize their personal vehicles, Defendant reimbursed RHAs at a rate of $0.43 per mile, which is a reasonable approximation of vehicle expenses. Defendant's

mileage and payroll records will also demonstrate that RHAs were routinely reimbursed for mileage driven outside the state of Arkansas.

Testimony from Defendant's Executive Director will demonstrate Defendant did not act with a knowing or reckless disregard for the matter of whether Defendant's conduct was prohibited by the FLSA. Instead, the evidence will demonstrate Defendant consistently reimbursed RHAs for interrupted sleep periods, provided avenues for RHAs to correct time sheets if they failed to clock back in or document time appropriately, and reimbursed for a reasonable approximation of vehicle expenses. Further, Defendant will show that it took affirmative steps to ascertain the requirements of the FLSA and had a good faith belief that it was not in violation of the FLSA.

3. **Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**

No objections. The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced on the day Initial Disclosures are due are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure.

4. **Are there any Objections to the *timing* of Rule 26(a) Initial Disclosures?**

No objections. The parties agree that initial disclosures were or will be made on or before April 25, 2023.

5. **Agreed Document Productions.**

Plaintiffs have produced the following as part of their initial disclosures:

1. Documents in Plaintiffs' possession relating to the lawsuit that Defendant has not already produced.

Defendant has produced the following as part of its initial disclosures:

1. Relevant portions of Plaintiffs' and potential opt-in plaintiff's personnel and related records during the relevant time period, including but not limited to, records relating to Plaintiffs' employment, and terms/events/conditions of employment;

2. Relevant portions of Defendant's personnel and employment policies, job descriptions, job expectations or duties, time and attendance policies, handbooks, and all like policies, guides, practices, or procedures utilized by Defendant during the relevant time period.

3. Relevant documents and records related to named Plaintiffs' pay, hours worked or recorded, compensation structure, and mileage reimbursement for those Plaintiffs employed by Defendant during the relevant time period.

**6. Discovery.**

**6(a). How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?**

8 months after the Case Management Hearing. See Schedule F.

**6(b). Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules? If so, please explain.**

No.

**6(c). Do the parties seek to increase the maximum number of depositions allowed per side? If yes, please explain the necessity and state how many depositions per side are proposed.**

No.

**6(d). Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex. If your answer is "Complex," then please complete and attach Schedule A.**

Simple and routine. The parties contemplate requests for electronic discovery using reasonable search terms and custodians to be agreed upon by the parties. Initial electronic discovery efforts will be limited to the applicable time period that includes three (3) years prior to the initiation of this action. The parties agree that these limitations can be modified by agreement of the parties or for good cause shown.

The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business.

The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

Page 5 of 9
**Ila Moses, et al. v. Bost, Inc.**
U.S.D.C. (W.D. Ark.) No. 3:22-cv-3071-TLB
**Amended Joint Rule 26(f) Report**

4860-7681-7790.3

**6(e).    Do you anticipate the use of Expert Witnesses at trial?  If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).**

No expert witnesses have been identified at this time.

**6(f).    Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**

Not at this time, however to the extent that a protective order becomes necessary in order to produce any documents that may contain protected information, the parties have agreed to work together to execute a mutually agreeable protective order at that time.

**7.    State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

The parties both estimate that one week if a collective action is certified, one to two days if no collective action is certified will be needed to fully try the case.

**8.    State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**

Yes.

**9.    Settlement Prospects.**

The parties have previously explored settlement and engaged in a settlement conference with the U.S. Magistrate but have not had recent discussions.

**10.    Special Issues and Schedules.**  [*Please mark a "X" next to the following issues that may be applicable to your case.  For each applicable issue, please complete and attach the corresponding Schedule(s) to your Joint Report.*]

___    **Federal Jurisdiction is Disputed**. [*If so, please complete and attach Schedule B.*]

___    **Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00.** [*If so, please complete and attach Schedule C.*]

___ **Diversity Jurisdiction case where any party is a non-corporate entity (*i.e.*, LLCs, LLPs, General Partnerships, Trusts, Estates, etc.).** [*If so, please complete and attach Schedule D.*]

___ **Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s).** [*If so, please complete and attach Schedule E.*]

_X_ **Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act.** [*If so, please complete and attach Schedule F.*]

___ **Complaint seeks recovery for personal injuries and/or wage loss.** [*If so, please complete and attach Schedule G.*]

**11.** Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?

Yes.

Respectfully submitted,

**ILA MOSES and VIRGIE SURETT, Individually and on Behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and    DEFENDANT BOST, INC.**

KUTAK ROCK LLP
124 W. Capitol Street, Suite 2000
Little Rock, Arkansas 72201
Telephone: (501) 975-3000
Facsimile: (501) 975-3001

*/s/ Ashley Welch Hudson*
Ashley Welch Hudson
Ark. Bar No. 07136
ashley.hudson@kutakrock.com

**Page 8 of 9**
**Ila Moses, et al. v. Bost, Inc.**
**U.S.D.C. (W.D. Ark.) No. 3:22-cv-3071-TLB**
**Amended Joint Rule 26(f) Report**

4860-7681-7790.3

## Schedule F

## Rule 23 Class Action and/or FLSA Collective Action

1. The parties shall confer and provide a detailed statement of their joint recommendations and/or respective positions on how to structure the litigation. For example, should case management be bifurcated into pre- and post-certification phases—with discovery initially limited to certification issues? If so, the parties should discuss and report agreed deadlines (or each party's respective position on deadlines) typically associated with certification and merits phases, including a schedule for expert disclosures and depositions. Such considerations may be structurally different for FLSA cases—but the Court is in equal need of the parties' input and recommendations. In a "typical" Rule 23 class action, the Court's suggested deadline for filing certification motions is about 6 months from the Case Management Hearing, and pure merits discovery—if a class is certified—should last no more than about 6 to 8 months.

Plaintiffs filed their Motion for Conditional Certification on February 28, which this Court denied without prejudice. Plaintiffs are currently evaluating whether to file a renewed Motion for Conditional Certification. Should they do so and should the Court grant it, case management should not be bifurcated. The parties believe that if certification is granted, a discovery deadline of approximately six months past the close of the opt-in period would be a sufficient amount of time to complete discovery. The parties have proposed a deadline of eight months after the Case Management Hearing to allow time for a ruling on the pending Motion.